IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br>**TRACE DAVRIN WORKS,**<br>**ANDREAUS BENARD OLIVER, SR.,** and<br>**ANDREAUS BENARD OLIVER, JR.**<br><br>*Defendants.* | **CRIMINAL ACTION NOS.**<br>**3:25-cr-00002-TES- 2, 4, 5** |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Trace Davrin Works' Motion to Continue Pretrial Conference [Doc. 101]. Trial is currently set to begin on January 19, 2025, and the government does not oppose a continuance. [Doc. 101, p. 2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On May 14, 2025, the government obtained a Superseding Indictment [Doc. 6] charging Defendant Works with conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 841(b)(1)(B)(vi) and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C). [Doc. 6, pp. 9–11]. On August 7, 2025, Defendant Works was arraigned and ordered detained pending trial. [Doc. 30]; [Doc. 39].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant Works requests a continuance because his counsel has a trial set for January 27, 2026 and "the January 20, 2026 trial date in this case would pose scheduling difficulties." [Doc. 101, p. 2]. A continuance of this trial would also "keep his case on the same schedule as [Defendant Devito Young's] case." [*Id.*].

Considering this, failure to grant a continuance in this case would deny Defendant Works "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a miscarriage of justice, the Court **GRANTS** Defendant Works' Motion to Continue Pretrial Conference [Doc. 101]. Additionally, since "the time for trial has not yet run"

2

with respect to his co-defendants and "no motion for severance has been granted," *see* 18 U.S.C. § 3161(h)(6), the Court **CONTINUES** the Pretrial Conference until **January 12, 2026**, and the trial of this matter until **February 23, 2026**, *as to Defendants Works, Andreaus Benard Oliver, Sr., and Andreaus Benard Oliver, Jr*. The ends of justice served by this continuance outweigh the best interests of the public and these defendants in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

    **SO ORDERED**, this 24th day of November, 2025.

                                      S/ Tilman E. Self, III
                                      **TILMAN E. SELF, III, JUDGE**
                                      **UNITED STATES DISTRICT COURT**